UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARED STRATTON,

      Plaintiff,                         Hon. Phillip J. Green

v.                                            Case No. 1:18-cv-1248

RAMIRO PADILLA, et al.,

      Defendants.
_____/

## OPINION

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. (ECF No. 84). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). For the reasons discussed herein, Plaintiff's motion will be granted.

## BACKGROUND

Plaintiff initiated this action on November 6, 2018, against Anthony Roberts, Ashley Roberts, Ramiro Padilla, and Reaper Motors, alleging fraud and unlawful alteration of a vehicle's odometer. (ECF No. 1). Plaintiff later amended his complaint adding Sioux Ford, LLC as a defendant. (ECF No. 26). In his First Amended Complaint, Plaintiff alleges the following.

In January 2017, Sioux Ford, an entity owned by Ramiro Padilla, purchased a 2006 GMC Sierra 2500 Crew Pickup Truck ("the truck"). As of the date of this sale, the truck's odometer indicated 298,667 miles. The State of Colorado subsequently

issued a new title, identifying Sioux Ford at the truck's owner. Sioux Ford subsequently sold the truck to Padilla, who registered the vehicle in Illinois. In so doing, Padilla declined to reveal the truck's odometer reading, which was permissible under Illinois law. In March 2017, the State of Illinois issued a title for the truck, identifying Padilla as the owner. At some point thereafter, Padilla either altered or replaced the truck's original odometer, the result being that the odometer indicated that the truck had been driven for less than 152,000 miles.

In June 2017, Padilla advertised the truck for sale. In the advertisement, Padilla stated that the truck "has around 299,000 miles but I swapped the cluster for [one] with 151K but if the user wants I can go ahead and have it corrected or I can leave it as it is." After reading this advertisement, Anthony Roberts purchased the truck from Padilla. When completing the Assignment of Title, however, both Padilla and Roberts certified that the truck's then current odometer reading of approximately 150,000 miles was "actual" and "correct." The State of Michigan subsequently issued to Roberts a title to the truck. But, because the Illinois title did not indicate the truck's odometer reading or actual mileage, the Michigan title likewise did not disclose this information. Roberts reported to the State of Michigan that neither the value of the truck nor its purchase price exceeded $4,000.00.

In November 2017, Roberts advertised the truck for sale. Roberts requested $22,000.00 and expressly stated that the truck "has only 154,000 miles." Shortly thereafter, Plaintiff discussed the matter with Roberts who failed to disclose the truck's actual mileage or that the truck's odometer reading was inaccurate. Plaintiff

purchased the truck from Roberts for $19,500.00. In October 2018, Plaintiff learned that the truck's odometer was inaccurate and that the truck, in fact, had been driven more than 300,000 miles by the time he purchased it from Roberts. Plaintiff thereafter afforded Roberts the opportunity to "unwind" their transaction, but Roberts refused.

Plaintiff alleges that Defendants violated the federal Odometer Act, the Michigan Odometer Act, and committed fraud. Plaintiff also asserted against Roberts a breach of contract claim. Plaintiff later reached a settlement of his claims against Anthony and Ashley Roberts. Default was subsequently entered against Reaper Motors and Sioux Ford. Plaintiff now moves for summary judgment against Ramiro Padilla with respect to his federal Odometer Act claim. Defendant Padilla has failed to respond to the present motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can

be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

The non-moving party cannot defeat a properly supported motion by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, the plaintiff on a claim for relief or the defendant on an affirmative defense, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The federal Odometer Act ("the Act") makes it unlawful for a person to "disconnect, reset, alter, or have disconnected, reset, or altered an odometer of a motor vehicle intending to change the mileage registered by the odometer." 49 U.S.C. § 32703(2). The Act further provides that a person may "service, repair, or replace" an odometer provided that "the mileage registered by the odometer remains the same." 49 U.S.C. § 32704(a). In the event this cannot be accomplished, however, the person must "adjust the odometer to read zero" and "attach a written

notice [to the vehicle] specifying the mileage before the service, repair, or replacement and the date of the service, repair, or replacement." *Id.* The Act authorizes civil relief, specifically providing that a person that violates the Act, "with the intent to defraud," is liable for three times the actual damages or $10,000, whichever is greater. 49 U.S.C. § 32710(a).

The evidence provided in support of Plaintiff's motion establishes that Defendant Padilla disconnected, reset, or altered the truck's odometer with the intent to change the mileage registered by the odometer or otherwise misrepresent the truck's actual mileage. (ECF No. 86). Likewise, Plaintiff has established that Defendant Padilla failed to adjust the odometer to read zero and attach the required written notice to the truck. (*Id.*). Thus, Plaintiff has established that Defendant Padilla violated the Act. The evidence submitted by Plaintiff, unrefuted by Defendant Padilla, is such that no reasonable trier of fact could find for other than Plaintiff on the question whether Padilla violated the Act.

With respect to whether Defendant Padilla acted with the intent to defraud, the Court reaches the same conclusion. During the relevant time period, Defendant Padilla possessed Wholesale Automobile Dealer Licenses from two states. (ECF No. 86). Between 2015-2017, Defendant Padilla, using these licenses, purchased more than 100 used vehicles. (*Id.*). Thus, this is not a circumstance in which an infrequent seller may have been confused about the Act's requirements or otherwise was reasonably unaware of such. Nevertheless, when Padilla sold the truck to Anthony Roberts, he certified that the odometer reading of 150,000 miles was

accurate, despite knowing that such was not the case. Given this evidence, unrefuted by Padilla, no reasonable trier of fact could find for other than Plaintiff on the question whether Defendant Padilla acted with the intent to defraud.

## CONCLUSION

As detailed herein, Plaintiff has carried his burden to establish that Defendant Padilla violated the Act with the intent to defraud.[1] Accordingly, Plaintiff's Motion for Partial Summary Judgment, (ECF No. 84), is hereby granted. An Order consistent with this Opinion will enter.

Date: September 24, 2020                         /s/ Phillip J. Green
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge

---

[1] Alternatively, by failing to respond to the present motion, Defendant Padilla has conceded liability. *See, e.g., Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"); *Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto).