UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARED STRATTON,

        Plaintiff,                                 Hon. Phillip J. Green

v.                                                   Case No. 1:18-cv-1248

RAMIRO PADILLA, et al.,

        Defendants.
_____/

## OPINION

This matter is before the Court on Plaintiff's Motion for an Award of Costs and Attorney's Fees. (ECF No. 95). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Paul L. Maloney referred this case to the undersigned. As discussed herein, Plaintiff's motion will be granted.

## BACKGROUND

Plaintiff initiated this action on November 6, 2018, against Anthony Roberts, Ashley Roberts, Ramiro Padilla, and Reaper Motors, alleging fraud and unlawful alteration of a vehicle's odometer. (ECF No. 1). Plaintiff later amended his complaint adding Sioux Ford, LLC as a defendant. (ECF No. 26). Plaintiff alleged that Defendants violated the federal Odometer Act, the Michigan Odometer Act, and committed fraud. Plaintiff also asserted against Anthony Roberts a breach of contract claim. Plaintiff later reached a settlement of his claims against Anthony

and Ashley Roberts. Default was subsequently entered against Reaper Motors and Sioux Ford. Plaintiff later moved for summary judgment against Ramiro Padilla with respect to his federal Odometer Act claim. Defendant failed to respond to Plaintiff's motion and summary judgment was entered against Defendant Padilla. (ECF No. 88-89). The Court subsequently entered judgment against Defendant Padilla and awarded $46,500 in damages to Plaintiff. (ECF No. 94). Plaintiff now moves for an award of costs and attorney's fees.

## ANALYSIS

With respect to Plaintiff's claim against Defendant Padilla under the federal Odometer Act ("the Act"), the Court has already entered judgment in Plaintiff's favor and it awarded damages. Plaintiff now moves the Court for an award of costs and fees. The Act provides that the Court "shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person." 49 U.S.C. § 32710(b).

When calculating attorney's fees under the Act, the "starting point . . . is the lodestar calculation," which is "the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate." *Moxey v. Jimmy Auto Sale LLC*, 2019 WL 1399556 at *6 (D.N.J., Mar. 28, 2019). Counsel asserts that he has expended 76.9 hours on this matter. This assertion is supported by an affidavit and detailed description of counsel's activity. (ECF No. 95, PageID.828-43). The number of hours expended in this matter is reasonable. Counsel seeks to be compensated at an hourly rate of $400, which the Court likewise finds to be

reasonable.  *See, e.g., Moxey*, 2019 WL 1399556 at *6 (court approved, in an Odometer Act case, payment of attorney's fees at an hourly rate of $450). Accordingly, the Court finds that Plaintiff is entitled to an award of attorney's fees in the amount of $30,760.00.

Counsel also seeks reimbursement of $781.97 in costs.  Counsel has supported this request with an affidavit and detailed description of the subject expenditures. (ECF No. 95, PageID.844).  As the amounts requested are reasonable, the Court finds that Plaintiff is entitled to an award of costs in the amount of $781.97.

In sum, the Court concludes that Plaintiff is entitled to an award of fees and costs in the amount of $31,541.97.  An Order and Judgment consistent with this Opinion will enter.

**IT IS SO ORDERED.**

Date: May 24, 2021                                             /s/ Phillip J. Green            
                                                               PHILLIP J. GREEN
                                                               United States Magistrate Judge